UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TWILIA ANDREWS

VERSUS

STATE FARM FIRE AND CASUALTY
COMPANY

CIVIL ACTION

NUMBER 14-668-JJB-SCR

**RULING MOTION TO COMPEL DISCOVERY**

Before the court is the Motion to Compel Discovery filed by defendant State Farm Fire and Casualty Company. Record document number 4. No opposition has been filed.

Defendant filed this motion to compel plaintiff Twilia Andrews to respond to its Interrogatories and Request for Production of Documents served on November 17, 2014.[1] Defendant also sought an award of expenses incurred in connection with the motion.

Defendant provided evidence of its efforts to obtain the plaintiff's discovery responses prior to filing its motion.[2] At a Rule 37(a)(1), Fed.R.Civ.P., conference held on December 16, 2014, the defendant's counsel was informed by the plaintiff's counsel that the plaintiff was working on her discovery responses. In a December 19 letter to the plaintiff's counsel the defendant's counsel expressed his expectation the plaintiff's responses would

---

[1] Record document number 4-1, Exhibit A.

[2] Record document number 4-2, Discovery Certificate.

be received within 15 days.[3]  After no responses were received, the defendant filed this motion to compel on January 27, 2015.

Despite the defendant's efforts to obtain her discovery responses, the plaintiff did not serve answers to interrogatories or produce responsive documents.  Nor has the plaintiff responded to this motion or otherwise furnished any information indicating when her discovery responses will be provided.[4]

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the defendant is entitled to an order requiring the plaintiff to respond and imposing sanctions.  Plaintiff will be required to answer the interrogatories and produce responsive documents within 14 days.  Plaintiff shall also sign and return to the defendant's attorney the authorizations which were served with the discovery requests.  No objections will be allowed.[5]

Defendant also sought an award of expenses, including attorney's fees.  Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi).  Under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses,

---

[3] Record document number 4-3, p. 3.

[4] Plaintiff did not object to the discovery requests as premature, and thus has waived any argument based on Rule 26(d)(1).

[5] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court action. Nothing in the record indicates that the plaintiff's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3). Defendant did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, the defendant's Motion to Compel Discovery is granted. Plaintiff Twilia Andrews shall serve her answers to the defendant's Interrogatories, produce documents responsive to the defendant's Request for Production of Documents, and complete, sign and return to the defendant's attorney the authorizations which were served with the discovery requests, all without objections and within 14 days. Pursuant to Rule 37(d)(3), the plaintiff shall pay to the defendant, within 14 days, its reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, March 2, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE