UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TWILIA ANDREWS

CIVIL ACTION

VERSUS

NUMBER 14-668-JJB-SCR

STATE FARM FIRE AND CASUALTY COMPANY

**RULING MOTION FOR RECONSIDERATION**

Before the court is the plaintiff's Motion for Reconsideration. Record document number 10. The motion is opposed.[1]

Plaintiff seeks reconsideration of the Ruling on Motion to Compel Discovery,[2] but only insofar as the ruling imposed a waiver of objections to the defendant's discovery requests.

The parties arguments have been considered. Plaintiff's motion is denied essentially for the reasons argued by the defendant.

Additionally, it does not appear that the court-imposed waiver of objections has harmed the plaintiff in any discernible way. According to her supporting memorandum, she will fully comply with the ruling by timely providing her discovery responses and paying

---

[1] Record document number 12. Plaintiff filed a Reply Memorandum in Support of Motion for Reconsideration. Record document number 16.

[2] Record document number 7.

the defendant's reasonable expenses.[3]  According to her reply memorandum, she "provided a full and substantive response to every discovery request[,] executed medical and other authorizations, and [made] full payment of the sanctions in compliance with the terms of the Ruling."[4]  Contrary to the ruling, the plaintiff asserted objections in her discovery responses despite the ruling barring her from doing so.[5]  But despite the objections, the plaintiff responses "included all of the information and documents that would be included if no objections were permitted" and her "inclusion of objections preceding the full discovery responses does not impact the information and documentation received by State Farm."[6]  Plaintiff explained that she "included reasonable objections to procedurally protect her rights and defenses that would result if she could not enforce these objections."[7]

It appears that the plaintiff's concerns raised in this motion are only theoretical.  Plaintiff did not withhold any information or document based on any objection she asserted, nor did she contend that any information or document would have been withheld

---

[3] Record document number 10-1, Memorandum in Support of Motion for Reconsideration, p. 1.

[4] Record document number 16, p. 2.

[5] As noted by the defendant, the plaintiff did not seek review of the ruling by the district judge, as provided by Rule 72(a), Fed.R.Civ.P.

[6] Record document number 16, p. 2.

[7] *Id.*

if the ruling had not prohibited her from asserting objections. As to any supplementation of her discovery responses required by Rule 26(e), Fed.R.Civ.P., again the plaintiff's arguments are only theoretical. It is now five months since the ruling was issued. Plaintiff has not supplemented her motion with an example of any information or document responsive to the defendant's discovery requests which she would have to give to the defendant pursuant to Rule 26(e), but which she contends she would not have to give to the defendant if she had been allowed to assert objections.

Accordingly, the plaintiff's Motion for Reconsideration is denied.

Baton Rouge, Louisiana, August 5, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE